UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFERY DISATELL                                CIVIL ACTION

VERSUS                                          NO. 25-1554

1ST CHOICE MORTGAGE FIELD                       SECTION: "J"(2)
SERVICE, LLC

## ORDER AND REASONS

Considering the foregoing *Rule 12(b)(6) Motion to Dismiss* **(Rec. Doc. 7)**, filed by Defendant 1st Choice Mortgage Field Service, LLC,

**IT IS HEREBY ORDERED** that the motion is **DENIED as moot** for the reasons explained below.

In both his initial Complaint and his first Amended Complaint, Plaintiff Jeffery Disatell brings claims against Defendant 1st Choice Mortgage Field Service, LLC, whom he alleges he worked for as a Field Inspector, under the Fair Labor Standards Act ("FLSA") for (1) "misclassifying him as an 'independent contractor,'" and (2) "failing to pay overtime for hours worked over forty (40) in a workweek, and/or minimum wage compensation." (Rec. Doc. 8, at 1; *see also* Rec. Doc. 1, at 1).

In its Motion to Dismiss, Defendant 1st Choice Mortgage Field Service, LLC argued that the Court should dismiss Mr. Disatell's Complaint based primarily on three pleading deficiencies. However, Defendant filed its Motion to Dismiss on September 26, 2025, and since that time, Plaintiff has attempted to cure these deficiencies in the first Amended Complaint (Rec. Doc. 8), which was filed on October

1

16, 2025.

First, Defendant claimed in its Motion to Dismiss that Plaintiff had failed to plead not only individual coverage under the FLSA, but also enterprise coverage, i.e., that Defendant is an "'enterprise engaged in commerce or in the production of goods for commerce.'" (Rec. Doc. 7-1, at 6–7 (quoting *England v. Adm'rs of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, at *2 (E.D. La. 2016))). Defendant's claim is now moot because Plaintiff specifically cured these defects in his Amended Complaint. (Rec. Doc. 8, at 2–3 ¶¶ 12–23).

Second, Defendant contended that Plaintiff's claim for overtime pay under the FLSA should be dismissed because Plaintiff's original Complaint did not allege the specific factual basis for his claim (i.e., hours worked, relevant time periods, and/or compensation due). However, Plaintiff attempted to cure this deficiency in his Amended Complaint as well.

Next, 1st Choice Mortgage Field Service, LLC urged that Plaintiff's minimum wage claim under FLSA should be dismissed because it was not "[p]lausible or [p]ossible." (Rec. Doc. 7-1, at 11). More specifically, Defendant asserted that Plaintiff's original Complaint did not "identify a *single* workweek during which Plaintiff was not paid minimum wage." *Id.* However, Plaintiff's Amended Complaint alleges that during the work week of October 23, 2023, to October 29, 2023, he was not paid an overtime premium, despite his claim that he worked 47.15 hours that week, and he plausibly pleads that during that same week, his effective hourly rate was "approximately $4.21 per hour" after Plaintiff deducted his automobile expenses.

(Rec. Doc. 8, at 5).

Alternatively, Defendant maintains that Plaintiff's overtime and minimum wage claims should be limited to the specific periods he identified in his initial Complaint. However, in the Amended Complaint, Plaintiff explains that "Defendant possesses all payroll data including inspections assigned and performed, location of inspections, type of inspection, and payments to Plaintiff for inspections, which will permit the parties to calculate full damages in this matter." (Rec. Doc. 8, at 6 ¶ 42).

Furthermore, the Fifth Circuit has explained that "Rule 12(b)(6) 'do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 788 (5th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In *Molina-Aranda*, the Fifth Circuit also held that for a Plaintiff's claim under the FLSA, "even past the pleading stage, when an employer fails to keep proper records, 'the remedial nature of the FLSA and the great public policy which it embodies militate against making the burden of proving uncompensated work an impossible hurdle for the employee.'" *Id.* (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 456 (2016)).

In the instant case, the Court believes that Plaintiff's claims under FLSA are plausible on their face and that discovery will allow Plaintiff to develop the factual basis of these claims more fully.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Rule 12(b)(6) Motion to Dismiss* **(Rec. Doc. 7)** is **DENIED as moot**.

New Orleans, Louisiana, this 7th day of November, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE